## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sonia Paul,<br><br>                    Plaintiff,<br><br>v.<br><br>Ethan Allen Retail Inc.,<br><br>                    Defendant. | Civil No. 3:21-cv-00968-VLB<br><br><br>May 18, 2022 |

## RULING AND ORDER ON
## DEFENDANT'S MOTION FOR ATTORNEYS' FEES [ECF NO. 47]

The defendant has moved for an award of fees incurred in connection with its Third Motion to Compel, ECF No. 39.  The court previously ordered the plaintiff to file any response by May 17, 2022.  (*See* Order, ECF No. 45.)  The plaintiff did not do so.  For the reasons set forth below, the defendant's motion is granted.

Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  There are three exceptions to this rule: (1) where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) where "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) where "other circumstances make an award of expenses unjust."  *Id.*

Here, the defendant's motion to compel was granted.  (*See* Order, ECF No. 45.)  The plaintiff has been given an opportunity to be heard in opposition to the fee application.  (*See id.*); *see also Connor Sport Ct. Int'l LLC v. SportsCourt, Inc.*, No. 1:17-cv-00954-WKS, 2019 WL 5101942, at *3 (W.D.N.Y. Mar. 27, 2019) ("An 'opportunity to be heard' does not necessarily mean a hearing: 'the court can consider such questions on written submissions.'") (quoting Fed. R. Civ. P. 37 cmt. to 1993 amendment).  And none of the three above-listed exceptions apply.  The defendant attempted in good faith to obtain the plaintiff's deposition without court action (*see generally* ECF No. 39 and exhibits thereto); the plaintiff's unilateral announcement that she would not attend her duly noticed deposition on April 28th was not substantially justified (*see id.*); and no other circumstances "mak[ing] an award of expenses unjust" have been identified.[1]

The defendant seeks an award of $1,795.50, reflecting 5.7 hours of work at $315.00 per hour.  The court finds that $315.00 is a reasonable hourly rate for an employment law attorney who, like defendant's counsel, has eighteen years' experience.  *See, e.g., Tahirou v. New Horizon Enterps., LLC*, No. 3:20-cv-00281 (SVN) (TOF), 2022 WL 510044, at *8 (D. Conn. Feb. 21, 2022) ("[C]ourts in this district have generally approved hourly rates of between $300 and $400 for experienced partner-level employment law attorneys.").  The number of hours claimed is

---

[1]      During the hearing on the motion to compel, the plaintiff's attorney contended that an award of fees would be unjust because defendant's counsel had engaged in obstreperous conduct.  The court observed that that claim was not supported by the then-current record, and it invited the plaintiff to submit whatever support he had for it in his opposition to the motion for fees.  (*See* Order, ECF No. 45.)  The plaintiff did not submit an opposition, however, and accordingly this claim must be regarded as unsupported.

2

likewise reasonable, and as the defendant notes, its fee petition may include not only those hours spent on the motion to compel itself, but also the hours "spent reasonably in preparing and defending an application for fees." *East Point Sys., Inc. v. Maxim*, No. 3:13-cv-00215 (VAB), 2016 WL 1169553, at *1 (D. Conn. Mar. 22, 2016); *see also Perez v. Lasership, Inc*., No. 3:15-mc-00031 (CSH), 2015 WL 8750965, at *4 (D. Conn. Dec. 14, 2015) (observing that "the Second Circuit has routinely and consistently held that time expended in litigating a fee petition is reimbursable"). The court therefore awards the defendant $1,795.50.

Because there is nothing in the record indicating that the plaintiff herself is responsible for the circumstances that necessitated the motion to compel, the court orders that the fee award be paid by the plaintiff's attorney. Fed. R. Civ. P. 37(a)(5)(A) (stating that the court may impose fees on "the party or attorney"); *Imperial Chem. Indus., PLC v. Barr Laboratories, Inc*., 126 F.R.D. 467, 473 (S.D.N.Y. 1989) ("Absent any proof that the abusive discovery tactics . . . were expressly directed by [the] client, the sanctions imposed . . . should be borne by the attorneys and not passed on to the" client.). The plaintiff's attorney is ordered to pay $1,795.50 to the defendant by June 18, 2022. It is so ordered.

This is not a Recommended Ruling. It is a ruling by a magistrate judge on a "nondispositive motion[] . . . . relating to discovery," D. Conn. L. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b). It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

*/s/ Thomas O. Farrish*
_____
**Hon. Thomas O. Farrish**
**United States Magistrate Judge**